# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARRISON Y. HARRIS, | Case No. 1:16 -cv-00281-LJO-JLT |
| Plaintiff, | |
| v. | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING DEFENDANTS' MOTION TO COMPEL ARBITRATION |
| HALLIBURTON COMPANY, *et al.*, | |
| Defendants. | |
| | (ECF No. 20) |

Plaintiff Harrison Y. Harris ("Plaintiff") commenced this action against defendants Halliburton Company and Halliburton Energy Services, Inc.[1] (collectively, "Defendants"), bringing nine claims for race and gender discrimination, harassment and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), the California Fair Employment and Housing Act, and various California labor statutes arising from events that occurred while he was employed by defendant Halliburton Energy Services, Inc. ECF No. 1.

Defendants filed a motion to compel arbitration on the basis that Plaintiff's obligation to arbitrate his claims is governed by and enforceable under the Federal Arbitration Act. ECF No. 10. This matter is now before the Court upon consideration of the Amended Findings and Recommendations ("F&Rs") issued by Magistrate Judge Thurston, in which she recommends that Defendants' motion be granted. ECF No. 20. Plaintiff filed Objections, ECF No. 21, and

---

[1] Halliburton Energy Services, Inc., is a subsidiary of Halliburton Company. ECF No. 10-2 at 1.

1   Defendants filed a Response, ECF No. 22.

2          In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted

3   a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the F&Rs

4   to be supported by the record and by proper analysis, and that Plaintiff's Objections either repeat

5   arguments that the F&Rs have correctly rejected or reflect a misunderstanding both of the

6   relevant facts of this case and the reasoning set forth in the F&Rs.

7          First, Plaintiff takes issue with the Magistrate Judge's finding that he knowingly waived

8   his right to a judicial forum for his claims. ECF No. 21 at 4-5. Specifically, he reiterates his

9   claim that he was unaware that he had agreed to submit disputes arising out of his employment to

10  binding arbitration pursuant to Defendants' Dispute Resolution Program ("DRP"), stating that

11  Defendants never provided him with a copy of the DRP and arguing that this omission renders

12  the DRP procedurally unconscionable. *Id.*

13         Plaintiff's arguments are unavailing. The Magistrate Judge's determination as to

14  Plaintiff's waiver of his claims is supported by a recent Ninth Circuit decision, *Ashbey v.*

15  *Archstone Property Management, Inc.*, 785 F.3d 1320, 1325-26 (9th Cir. 2015). In *Ashbey*, the

16  Ninth Circuit held that a plaintiff had knowingly waived his right to a judicial forum for his Title

17  VII and equivalent state-law claims where he signed an acknowledgment form that stated "I

18  understand that it is my responsibility to understand the Archstone Company Policy Manual,

19  including the Dispute Resolution Policy, and to adhere to all of the policies contained herein." *Id.*

20  The Ninth Circuit further noted "[t]hat the acknowledgment did not list the terms of the Policy is

21  not fatal to the Policy's enforcement," because "[t]he full text of the Policy was at [the

22  plaintiff]'s fingertips; he acknowledged he had received directions on how to access both the

23  Manual and the Dispute Resolution Policy contained in the Manual." *Id.* Similarly, in this case,

24  Plaintiff acknowledged that he "[could] obtain a copy of the DRP from the Human Resources

25  Department," (ECF No. 10-2 at 9 & 28), and the full text of the DRP was accessible to Plaintiff,

26  as the sworn affidavit of Halliburton's Senior Human Resources Manager Stanley Wells,

27  indicates that "[a]s a Halliburton employee, Plaintiff had access to the Halliburton DRP website

28  via the company intranet. This site includes the DRP materials and documents describing the

1   DRP process, including the obligation to submit disputes over asserted legal rights to binding

2   arbitration. This website also serves as a portal for assessing DRP staff with any questions an

3   employee may have about the DRP." ECF No. 10-2 at 2. *Ashbey* therefore confirms the F&Rs'

4   conclusion that Plaintiff made a knowing waiver of his right to a judicial forum for his claims.

5        Next, Plaintiff argues that the Magistrate Judge did not properly analyze the substantive

6   unconscionability of the DRP provisions on attorney's fees and injunctions. ECF No. 21 at 5-7.

7   With regard to the DRP's provision on attorney's fees, Plaintiff argues that the F&Rs failed to

8   account for the possibility that the DRP could permit Defendants to recover costs that it could

9   not recover under California law. *Id.* at 5-6. However, a plain reading of the relevant provision in

10  the DRP indicates that the recovery of attorney's fees and cost is restricted to only the employee

11  or applicant—in other words, the DRP does not permit Defendants to recover costs. ECF No. 10-

12  2 at 57 (Paragraph 8.D, "Notwithstanding the provisions of the preceding subsection, in an

13  proceeding before an arbitrator, the arbitrator, in the arbitrator's 'discretion, may allow a

14  prevailing Employee or Applicant reasonable attorney's fees, expert witness' fees, and other

15  costs which may be allowable under the Federal Rules of Civil Procedure as part of the award.").

16       As for the DRP's provision on injunctions, Plaintiff makes the unsupported assertion that

17  "the DRP does not apply to requests for injunctive orders, e.g., to protect confidentiality of

18  company information or protect trade secrets, which are the claims Halliburton is likely to bring

19  against its employees." ECF No. 21 at 7. Again, Plaintiff misinterprets the plain text of the DRP,

20  which clearly permits either party to seek an injunction in court. ECF No. 10-2 at 54 ("any court

21  with jurisdiction over the parties may issue any injunctive orders (including preliminary

22  injunctions) if the necessary and equitable requirements under applicable law are met."). While

23  acknowledging that "courts generally do reject contractual provisions that would have the

24  practical effect of being invoked only, or far more often than the employer," *see Davis v.*

25  *Gazillion*, No. C 10-743 RS, 2010 WL 2740002, at *2 (N.D. Cal. July 12, 2010), the Court sees

26  no basis for Plaintiff's assertion that the DRP's injunction provision is more likely to be used by

27  Defendants. Furthermore, as Defendants note in their Response, the provision is completely

28  irrelevant here, as neither Defendants nor Plaintiff seek an injunction in this matter. ECF No. 22

1   at 6.

2       Based on these two erroneous assertions, Plaintiff then contends that the DRP is so

3   "permeated with unconscionability" that it cannot be saved by severing the unconscionable

4   provisions. ECF No. 21 at 7-9. However, as the F&Rs correctly find, only two provisions in the

5   DRP can be deemed unconscionable: the provision barring representative claims and the

6   provision regarding Defendants' unilateral termination and amendment of the DRP. ECF No. 20

7   at 17, 21. Moreover, both provisions are irrelevant to this case, as Plaintiff has not brought any

8   representative claims (*see* ECF No. 1), and it is impossible for the unilateral termination and

9   amendment provision to apply, because the plain text of this provision indicates that any

10  amendment or termination of the DRP would not apply to disputes that arose prior to amendment

11  or termination (*see* ECF No. 10-2 at 56). As the F&Rs note, these provisions can be severed from

12  the DRP. *See, e.g.*, *Davis,* 2010 WL 2740002, at *3 (granting a motion to compel providing that

13  "[t]he final sentence of Paragraph C and Paragraph D are stricken from the arbitration agreement

14  between the parties."); *see also* Cal. Civ. Code § 1599 ("Where a contract has several distinct

15  objects, of which is one at least is lawful, and one at least is unlawful, in whole or in part, the

16  contract is void as to the latter and valid as to the rest." Because the vast majority of the DRP is

17  not unconscionable, the F&Rs are correct in finding that the two unconscionable provisions may

18  be severed and that the DRP is enforceable.

19      Finally, Plaintiff objects to the Magistrate Judge's finding that the Franken Amendment

20  and Executive Order 13673 do not apply in this case. ECF No. 21 at 9-10. The Franken

21  Amendment precludes the Department of Defense from entering a contract in excess of

22  $1,000,000 unless the contractor agrees not to

23      "take any action to enforce any provision of an existing agreement with an employee or
24      independent contractor that mandates that the employee or independent contractor resolve
        through arbitration any claim under title VII of the Civil Rights Act of 1964 or any tort
25      related to or arising out of sexual assault or harassment, including battery, [and]
        intentional infliction of emotional distress."

26

27  Pub.L. No. 111–118, § 8116, 123 Stat. 3409, 3454–3455 (2010). Similarly, Executive Order

28

13673, which President Obama signed on July 31, 2014, provides in relevant part, that

> [All Federal] [a]gencies shall ensure that for all contracts where the estimated value of the supplies acquired and services required exceeds $1 million, provisions in solicitations and clauses in contracts shall provide that contractors agree that the decision to arbitrate claims arising under title VII of the Civil Rights Act of 1964 or any tort related to or arising out of sexual assault or harassment may only be made with the voluntary consent of employees or independent contractors after such disputes arise.

Exec. Order No. 13673, 79 FR 45309, Sec. 6(a).

Claiming that Halliburton is a "large oil services company with operations throughout the world," Plaintiff argues that it is "highly likely" that Defendants have a contract with the federal government or the Department of Defense valued at over $1,000,000, and requests that the Court permit him to conduct discovery as to whether Defendants have such a contract. ECF No. 21 at 10.

Plaintiff's contentions are without merit. Plaintiff's Objections misunderstand the F&Rs, as he seems to believe that the Magistrate Judge's finding was premised upon him not personally working under a government contract while employed by Halliburton Energy Services. *Id.* at 9-10. However, Defendants, citing the sworn affidavit of Halliburton Energy Services' Human Resources Manager Stanley Wells, point out in their Response, "[u]ndisputed evidence shows that Halliburton Energy Services is not a government/Department of Defense contractor. It provides services to private national and international resource production companies, such as Chevron." ECF No. 22 at 8. Consequently, Plaintiff's request that the Court permit him to conduct discovery on this matter is futile. Because there is no evidence that Defendants have a contract with either the Department of Defense or any federal agency, even assuming the Franken Amendment and Executive Order 13673 impose substantive prohibitions[2] on the arbitration of Title VII claims, they do not apply to this case. The Court therefore finds no error in the F&Rs' determination that neither the Franken Amendment nor Executive Order 13673

---

[2] Case law does not support this assumption. *See, e.g., Abbiati v. Lockheed Martin Information Tech.*, 84 Mass. App. Ct. 1129, 1129 (2014) (Franken Amendment "does not create any rights or establish procedures that inure to the benefit of civil rights plaintiffs"); *Fellows v. Career Systems Dev. Corp.*, 2-16-cv-00718, 2016 WL 4010964, at *5-6 (W.D. Penn. July 27, 2016) (Executive Order 13673 has yet to come into effect, as its implementing regulations are still pending, and it therefore cannot invalidate an otherwise enforceable arbitration agreement).

apply in this case.

Accordingly, **IT IS HEREBY ORDERED** that:

1.   The Amended F&Rs (ECF No. 20), filed June 13, 2016, are **ADOPTED IN FULL**;

2.   The clauses pertaining to representative actions (Rule 4.B(i)) and unilateral amendment and termination (Rule 6) are **SEVERED** from the DRP;

3.   Defendants' Motion to Compel Arbitration (ECF No. 10) is **GRANTED**;

4.   This matter is **STAYED** to allow for the completion of arbitration;

5.   Within 120 days and every 120 days thereafter, counsel shall **FILE** a joint status report. Additionally, within 10 days of the determination by the arbitrator, counsel shall **FILE** a joint status report;

6.   The Court shall **RETAIN** jurisdiction to confirm the arbitration award and enter judgment for purposes of enforcement.

IT IS SO ORDERED.

Dated:   **August 9, 2016**            **/s/ Lawrence J. O'Neill**
                                     UNITED STATES CHIEF DISTRICT JUDGE